UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Sorna Corporation

                Plaintiff,                        Civil Case No._____

v.

                                            JURY TRIAL REQUESTED

Pacsgear, Inc.

                Defendant.

_____

**COMPLAINT**

Comes now the Plaintiff Sorna Corporation, (hereinafter "Sorna") as and for its Complaint against Defendant Pacsgear, Inc. (hereinafter "Pacsgear") states and alleges as follows.

**THE PARTIES**

1.      Plaintiff Sorna is a Minnesota Corporation with its principal place of business in Eagan, Minnesota.  Sorna manufactures, sells, and licenses medical technology and devices including medical data recording devices that implant medical data onto portable media.

2.      Upon information and belief Defendant Pacsgear is a California corporation with its principal place of business at 4309 Hacienda Dr., Suite 500 Pleasanton, CA 94588.

**JURISDICTION AND VENUE**

3.      The claims alleged herein arise under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*

4.       This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Pacsgear under Minn. Stat. § 543.19. Pacsgear has continuous and systematic contacts in Minnesota. On information and belief Pacsgear has offered to sell and sold products in Minnesota that infringe the patents-in-suit. On information and belief, such infringing products are also being used in Minnesota.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**FIRST CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 7,965,408**

7. Sorna realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-6.

8. Sorna is the owner of the entire right, title and interest in and to United States Patent No. 7,965,408 (hereinafter the "'408 patent"), entitled Medical Data Recording System, duly and legally issued on June 21st, 2011. A copy of the '408 patent is attached as Exhibit A hereto.

9. Pacsgear manufactures, sells, and offers to sell medical data recording devices including the MediaWriter product (hereinafter the "infringing products").

10. The infringing products practice one or more of the claims of the '408 patent.

11. Pacsgear has directly infringed the '408 patent by making, using, offering to sell and/or selling the infringing products in this district and elsewhere in the United States, in violation of 35 U.S.C. § 271.

12. In addition, Pacsgear has contributed to the infringement of the '408 patent by others, and induced infringement of the '408 patent by others, through its actions relating to the infringing products.

13. Pacsgear's acts of infringement have caused damage to Sorna in an amount to be determined at trial.

14. Pacsgear's infringement of the '408 patent is causing irreparable harm to Sorna for which there is no adequate remedy at law. Pacsgear's infringement will continue, and will continue to cause irreparable harm to Sorna, unless enjoined by this Court.

15. On information and belief, Pacsgear's infringement of the '408 patent was and is willful and deliberate, entitling Sorna to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## SECOND CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 8,045,214

16. Sorna realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-15.

17. Sorna is the owner of the entire right, title and interest in and to United States Patent No. 8,045,214 (hereinafter the "'214 patent"), entitled Medical Data Recording Apparatus, duly and legally issued on October 25th, 2011. A copy of the '214 patent is attached as Exhibit B hereto.

18. The infringing products practice one or more of the claims of the '214 patent.

19. Pacsgear has directly infringed the '214 patent by making, using, offering to sell and/or selling the infringing products in this district and elsewhere in the United States, in violation of 35 U.S.C. § 271.

20. In addition, Pacsgear has contributed to the infringement of the '214 patent by others, and induced infringement of the '214 patent by others, through its actions relating to the infringing products.

21. Pacsgear's acts of infringement have caused damage to Sorna in an amount to be determined at trial.

22. Pacsgear's infringement of the '214 patent is causing irreparable harm to Sorna for which there is no adequate remedy at law.  Pacsgear's infringement will continue, and will continue to cause irreparable harm to Sorna, unless enjoined by this Court.

23. On information and belief, Pacsgear's infringement of the '214 patent was and is willful and deliberate, entitling Sorna to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

### THIRD CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 8,059,304

24. Sorna realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-23.

25. Sorna is the owner of the entire right, title and interest in and to United States Patent No. 8,059,304 (hereinafter the "'304 patent"), entitled Medical Data Recording System, duly and legally issued on November 15th, 2011.  A copy of the '304 patent is attached as Exhibit C hereto.

26. The infringing products practice one or more of the claims of the '304 patent.

27. Pacsgear has directly infringed the '304 patent by making, using, offering to sell and/or selling the infringing products in this district and elsewhere in the United States, in violation of 35 U.S.C. § 271.

28. In addition, Pacsgear has contributed to the infringement of the '304 patent by others, and induced infringement of the '304 patent by others, through its actions relating to the infringing products.

29.     Pacsgear's acts of infringement have caused damage to Sorna in an amount to be determined at trial.

30.     Pacsgear's infringement of the '304 patent is causing irreparable harm to Sorna for which there is no adequate remedy at law.  Pacsgear's infringement will continue, and will continue to cause irreparable harm to Sorna, unless enjoined by this Court.

31.     On information and belief, Pacsgear's infringement of the '304 patent was and is willful and deliberate, entitling Sorna to enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sorna prays that the Court enter judgment in its favor and against Pacsgear, as follows:

A.      To enter judgment that Defendant Pacsgear has directly infringed, actively induced others to infringe, and/or contributed to the infringement of the '408 patent pursuant to 35 U.S.C. § 271;

B.      To enter judgment that Defendant Pacsgear has directly infringed, actively induced others to infringe, and/or contributed to the infringement of the '214 patent pursuant to 35 U.S.C. § 271;

C.      To enter judgment that Defendant Pacsgear has directly infringed, actively induced others to infringe, and/or contributed to the infringement of the '304 patent pursuant to 35 U.S.C. § 271;

D.      To enter orders preliminarily and permanently enjoining Pacsgear, and its respective officers, agents, servants, and employees, and attorneys, and all persons in active concert or participation with any of the foregoing, and all parties contemplated by Rule 65(d)

Fed.R.Civ.P. be preliminarily and permanently enjoined from further infringement of the '408, '214, and '304 patents pursuant to 35 U.S.C. § 283;

E. To award Plaintiff its respective damages in an amount sufficient to compensate it for Pacsgear's infringement of the '408, '214, and '304 patents, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

F. To find that Defendant Pacsgear's infringement is willful, deliberate, and intentional, and that such damages should be increased up to three times the amount assessed.

G. To find that this case be deemed exceptional and Plaintiff be awarded attorney fees, expenses and costs incurred in this action pursuant to 35 U.S.C. 285; and

H. To award Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated: October 10, 2013                                   By:  /s/ Frank S. Farrell

**F.S. FARRELL, LLC**
Frank S. Farrell (MN #28447)
Alexander J. Farrell (MN #390202)
7401 Metro Blvd, suite 425
Edina, MN  55439
Telephone: (952) 921-3260
frank@fsfarrell.com
alexander@fsfarrell.com

**ATTORNEYS FOR PLAINTIFF SORNA**