# F.S. Farrell, LLC
**Attorneys at Law**

Frank S. Farrell
952-921-3260
frank@fsfarrell.com

Alexander J. Farrell
952-921-3261
alexander@fsfarrell.com

October 22, 2014

Re. *Sorna v. Pacsgear* 13-cv-2794 (ADM/LIB)

VIA US MAIL

The Honorable Leo I. Brisbois
United States District Court
515 West 1st Street Room 412
Duluth, MN 55802-1397

Dear Judge Brisbois,

The parties in this matter submit the following joint letter pursuant the Court's Order (Docket No 57). The discussions below cover the entirety of the pending issues in Sorna's motion to compel and reflect compromises made by both parties. There is only one unresolved issue remaining.

**I. Issues Resolved**

First, concerning Pacsgear's source code. Although PacsGear believes it has already produced sufficient source code, Pacsgear will produce MediaWriter compilation code requested by Sorna, namely the following: (i) a complete set of source code, resource files, project files, solution files, and icon files which make up the MediaWriter product. (All files required to compile the product using Visual Studio will be included); (ii) source code, project, and solution files for all plugin and remote code (All files required to compile the product using Visual Studio will be included); (iii) all InstallShield files used to create a software installer for MediaWriter. (The version of InstallShield utilized will be communicated); and (iv) database creation code used to install MediaWriter. In connection with the production of items (i), (ii), (iii), and (iv) above, Sorna has requested that Pacsgear perform a full "checkout" or "clone" from their version control system and supply the attendant version control metadata produced by the operation along with the above referenced items. Pacsgear will not be producing such items for the following reasons: Pacsgear does not in the ordinary course of business create "attendant version control metadata", as it understands the term based on Sorna's description. Additionally, PACSGEAR does not use source control software to retrieve and build old versions of MediaWriter releases. To ensure Sorna receives the most accurate copy of the requested code, PACSGEAR will provide Sorna with a DVD containing such code, which is maintained separately to ensure its integrity. Additionally, Pacsgear asserts it does not have a test suite, as requested by Sorna, as it does not utilize automated testing. Pacsgear will produce such code on or before October 29th.

Second, concerning Sorna's motion to compel amended non-infringement allegations, upon receipt of the source code from Pacsgear, Sorna shall amend its Infringement Contentions to

The Honorable Leo I. Brisbois
Page **2** of **3**

include, where applicable, citations to Pacsgear's source code showing in detail the basis for its contention that the element is present.  Sorna shall have 21 days from receipt of the source code described above to provide its amended Infringement Contentions.  21 days after Sorna serves its updated Infringement Contentions Pacsgear shall serve its amended Non Infringement Contentions. Pacsgear's amended Non-Infringement Contentions shall specify by claim which elements of the Sorna patents it admits are present in the accused device or process, if any and which element by claim of the Sorna patents it contends are not satisfied including, in detail the basis for its contention that the element is not satisfied. Pacsgear's response will include, if applicable, citations to Pacgear's source code.

Third, concerning Sorna's Document Requests Nos. 1, 63, and 64.  Pacsgear has previously informed Sorna that Pacsgear (along with its relevant assets and liabilities) recently merged into Perceptive Software, LLC and that, as a result of this recent event, it will pursue a motion to substitute Perceptive Software for Pacsgear.  If deemed necessary, Sorna will stipulate to the substitution motion.   Sorna has requested additional documentation to confirm such recent merger, which Pacsgear has agreed to provide. The parties agree that Pacsgear may produce redacted documents, if necessary.  Sorna has also requested valuations of the Mediawriter product or its intellectual property.  Pacsgear has stated that no such valuations exist.  In light of the above, issues relating to these document requests appear to be resolved at this time.

## II.  Issue Still In Dispute

The parties have not reached a resolution concerning Sorna Interrogatories Nos. 1 and 2.  The parties respectfully request that the Court rule on Sorna's motion with regard to interrogatories 1 and 2.

      A. Sorna's Position

Sorna seeks interrogatory responses sufficient to identify a date that Pacsgear first became aware of Sorna's pending patent application and any conduct that occurred in response to that knowledge, specifically concerning the design of the MediaWriter product.  Pacsgear's local counsel appeared to state in Court during the hearing on this motion that Pacsgear first became aware of Sorna's patent application in 2011, but now Pacsgear is refusing to supplement its response.  Sorna believes it is entitled to a clear response as to when Pacsgear first became aware of the pending patent application and any actions taken in response to that knowledge.  The fact that Pacsgear interviewed  Mr. Pickard does not limit the  interrogatories to the conversation with Mr. Pickard.  If in fact it is Pacsgear's response that it had no knowledge of the Sorna pending application until after the first Sorna patent issued in June of 2011, they should be required to affirmatively state so.  In its interrogatory response Pacsgear has only affirmatively stated when it first became aware of Sorna's issued patents, it has not responded to the question of when Pacsgear first became aware of the pending application and what if any actions it took in response to that knowledge.  The question of when Pacsgear was first aware of Sorna's pending application and actions they took in response to that knowledge are appropriate and relevant issues for discovery.

The Honorable Leo I. Brisbois
Page **3** of **3**

B. Pacsgear's Position

In an attempt to keep this issue alive, Sorna has changed tack since the hearing and contradicted previous statements it made to the Court. For example, in Sorna's brief in support of its motion to compel, Sorna acknowledged that it had withdrawn a previous motion to compel *"based on Pacsgear's assertions that Pacsgear would investigate Sorna's claims that Pacsgear employees explicitly told Sorna employees that it had knowledge of the pending Sorna patent applications when the MediaWriter was first introduced in 2007, and that Pacsgear redesigned its products based on that knowledge.* ECF No. 45 at 17. Sorna also identified "K. Thomas Pickard" as the Pacsgear employee that should be interviewed, and Pacsgear agreed to interview him. Id. at 18-19. Pacsgear again reiterates that its counsel's discussion with Mr. Pickard does not warrant or require amending its responses, even if the interrogatory is interpreted so broadly as to seek information concerning awareness of patent applications, which is not relevant given, among other things, Plaintiff's failure to establish (or even introduce testimony supporting any contention) that the issued claims are substantially similar to the published patent application claims or that awareness of applications is relevant to willful infringement (a claim requiring knowledge of an issued patent). As discussed above, Pacsgear acquiesced to Sorna's request, inquired of Mr. Pickard and, as a result, confirmed that the response did not need to be amended in view of Sorna's unsubstantiated allegations relating to Mr. Pickard. As this clearly addresses the issues raised in Sorna's motion, its further request should be denied. Sorna will presumably have an opportunity to depose individuals at Pacsgear to confirm the above.

| | |
|---|---|
| **By:/s/ Frank S. Farrell** | **By: /Willmore F. Holbrow/** |
| **F.S. FARRELL, LLC** | BLAKELY SOKOLOFF TAYLOR ZAFMAN LLP |
| Frank S. Farrell (MN #28447) | Willmore F. Holbrow, III (Cal Bar # 169688) |
| Alexander J. Farrell (MN #390202) | Admitted Pro Hac Vice |
| 7401 Metro Blvd, suite 425 | Blakely Sokoloff Taylor & Zafman LLP |
| Edina, MN  55439 | 12400 Wilshire Blvd. 7th Floor |
| Telephone: (952) 921-3260 | Los Angeles, CA 90025 |
| frank@fsfarrell.com | 310.207.2800 |
| alexander@fsfarrell.com | bill_holbrow@bstz.com |
| | |
| *Attorneys for Plaintiff Sorna* | Dennis C. Bremer (MN Bar #299182) |
| | James R. Hietala, Jr. (MN Bar #386755) |
| | CARLSON CASPERS |
| | 225 S. 6TH Street, Ste 4200 |
| | Minneapolis, MN 55402 |
| | 612.436.9600 |
| | dremer@carlsoncaspers.com |
| | jhietala@carlsoncaspers.com |
| | Attorneys for Defendant, PACSGEAR, INC. |
| | |
| | *Attorneys for Defendant PACSGEAR, INC.* |