UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Sorna Corporation,

        Plaintiff,

v.                                     Civil Case No. 13-CV-02794 (ADM/BRT)

Perceptive Software, LLC.

        Defendant.
_____

**PLAINTIFF SORNA CORPORATION'S MOTION TO STRIKE**

**I.      INTRODUCTION**

In Section II and in Sections III(A), III(E), III(M), III(N) and III(O) of its Opening Claim Construction Brief ("Opening Brief"), Defendant Perceptive Software, LLC ("Perceptive") improperly raises arguments and other ancillary matters that only obfuscate the issues presented for claim construction and misdirect the focus of the upcoming claim construction hearing. More importantly, none of these issues are properly before the Court.

In **Section III**, Perceptive argues the following five disputed claim terms are indefinite under § 112, ¶ 2:

- **Section III.A** relating to "the medical data";
- **Section III.E** relating to "associating / associated";
- **Section III.M** relating to "first storage / second storage / third storage";
- **Section III.N** relating to "the information on said recording media"; and
- **Section III.O** relating to "information related."

These issues, however, are not properly before the Court because Perceptive has not plead indefiniteness under § 112, ¶ 2 as an affirmative defense nor has Perceptive raised § 112 invalidity contentions in its prior art statements as required by the Court's Scheduling Order.

In **Section II**, Perceptive makes requests to delay claim construction, reduce the number of asserted claims, and add two additional never-before-disclosed claim terms for the Court to construe. These requests are not properly

before the Court because at the very least Perceptive has not complied with the Court's Scheduling Order, Local Rules, or the Federal Rules of Civil Procedure.

Thus to make appropriate use of the Court's valuable time, redirect the focus of the impending claim construction hearing and to untangle a web of arguments that are not properly before the Court, Plaintiff Sorna Corporation ("Sorna") moves to strike the arguments in Sections III(A), III(E), III(M), III(N) and III(O) that the claims are indefinite and Section II in its entirety. For the reasons stated herein, Sorna's Motion to Strike should be granted.

The parties have agreed that Defendant's response to this motion shall be due on or before March 2, 2015. The parties jointly request that the Court hear this motion on March 5, 2015 the same day as the Claim Construction hearing.

## II. DISCUSSION

This Court has "the inherent power to strike a party's submissions other than pleadings." *Computer Stores Northwest, Inc. v. Dunwell Tech., Inc.*, Civ. No. 10-284, 2011 WL 2160931, at *4 (D. Oregon May 31, 2011) Citing *Metzger v. Hussman*, 682 F.Supp. 1109, 1110 (D. Nev. 1988). An alternative basis for striking parties' filings is the Court's inherent power "over the administration of its business". *Spurlock v. F.B.I.,* 69 F.3d 1010, 1016 (9th Cir. 1995)(citations omitted).

### A. Perceptive's Indefiniteness Arguments In Sections III(A), III(E), III(M), III(N) and III(O) Of Its Opening Brief Should Be Stricken

#### 1. <u>Indefiniteness is not properly before the Court.</u>

The question of whether the five above-mentioned claim terms are invalid as indefinite under § 112, ¶ 2 is not properly before the Court. First, Perceptive has not plead indefiniteness in its "Answer and Counterclaim to Sorna Corporation's Second Amended Complaint" ("Answer"). (Doc. #27, at 7-8)[1]. Second, Perceptive has not complied with provisions governing prior art statements in the Court's Scheduling Order. For at least these reasons, the Court should strike all indefiniteness arguments from Perceptive's Opening Brief.[2]

First, Perceptive has not plead indefiniteness as an affirmative defense in its Answer. (Doc. #27, at 7-8). It is axiomatic that affirmative defenses must be plead: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). In patent litigation, indefiniteness is an affirmative defense that, if proven by clear and convincing evidence, renders a patent or a claim invalid. 35 U.S.C. § 282(b)(3)(A); 35 U.S.C. § 112, ¶ 2. Importantly, it is an express *statutory requirement* that indefiniteness "shall be plead." 35 U.S.C. § 282(b)(3)(A). Perceptive asserted various affirmative defenses

---

[1] The Answer and Counterclaim did contain an affirmative defense under § 112, ¶ 1 for lack of written description, but indefiniteness arises from § 112, ¶ 2.

[2] Sorna filed the instant motion before Perceptive had filed and served its Claim Construction Rebuttal Brief. To the extent Perceptive raises indefiniteness in its Rebuttal Brief, Sorna renews its Motion to Strike to cover any arguments under § 112, ¶ 2.

in its Answer, but it did not plead indefiniteness. (Doc. #27, at 7-8). Thus indefiniteness is not properly before the Court.

Second, Perceptive has failed to comply with provisions in the Court's Scheduling Order governing prior art statements. Specifically, prior art statements must provide a "complete and detailed explanation" of allegations based upon § 112. (*See* Doc. #18, at (f)(1)(A)(iv)). On July 22, 2014 Perceptive served an initial Prior Art Statement; and on November 13, 2014 it served an *Amended* Prior Art Statement. Despite two opportunities to do so, none of Perceptive's Prior Art Statements provide "a complete and detailed explanation of its allegations" that any claims in the Patents-in-Suit are invalid under any portion of § 112 much less that the claim terms at issue are indefinite under § 112, ¶ 2.. A party that fails to assert indefiniteness in its invalidity contentions cannot seek a determination that the patents-in-suit are invalid for indefiniteness through claim construction. *Auxilium Pharm., Inc. v. Watson Labs., Inc.*, Civil No. 12-3084, 2014 WL 2624780, at *5 (D.N.J. June 12, 2014).

Perceptive's tactics are prejudicial to Sorna. First, permitting Perceptive to advance indefiniteness now or at a later time would allow it to circumvent the statutory requirements in § 282, Rules 8 and 16 of the Federal Rules of Civil Procedure, and Sections (f)(1) and (j)(2) of the Court's Scheduling Order. Second, by withholding a complete and detailed explanation of its indefiniteness arguments until its Opening Brief, Perceptive deprived Sorna of the opportunity to squarely and directly attack Perceptive's indefiniteness arguments in Sorna's Opening

5

Brief. Third, Perceptive also deprived Sorna of the opportunity to depose and present experts at claim construction. For at least the foregoing reasons to permit Perceptive to assert indefiniteness now would be prejudicial to Sorna, and subject Sorna to undue burden and expense.

### 2. Perceptive's failure to plead indefiniteness as an affirmative defense results in a waiver.

Perceptive should be barred from asserting indefiniteness for the remainder of this litigation. A party's failure to plead an affirmative defense results in a waiver thereof. *See Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 807 (8th Cir. 2013) (concluding failure to plead an affirmative defense results in waiver); *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996) (concluding an affirmative defense must be pleaded or else it is waived); *Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 354 (8th Cir. 1988) (concluding failure to plead an affirmative defense results in a waiver and the defense's exclusion from the case); *Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331, 1337 (Fed. Cir. 2012) (applying regional Circuit case law to procedural issues and stating equitable estoppel "is an affirmative defense that must be pled").

In addition to the prejudice discussed above, waiver is appropriate here for several other reasons. Although the Court stated it would liberally grant leave of court to add invalidity defenses for which discovery is needed, no discovery is needed for indefiniteness. (Doc. #18, at (c)). Further the deadline for motions to amend pleadings has long since passed. (Doc. #18, at (j)(2) ("[A]ll motions which

seek to amend the pleadings must be filed and the Hearing thereon completed on or before **May 2, 2014**[.]" (emphasis in original)). The Court should not grant Perceptive leave to amend either its Answer or Amended Prior Art Statement. (Fed. R. Civ. P. 15(a)(2); Doc. #18, at (f)(1)(B)). We are now more than one year into this case, very near the close of fact discovery and only months away from the deadline for expert discovery and dispositive motions.

        3.    <u>Alternatively, should the Court deny Sorna's Motion to Strike, claim construction should proceed as scheduled.</u>

Alternatively, should the Court deny Sorna's Motion to Strike Perceptive's indefiniteness arguments, Sorna respectfully requests that the Court hear the parties arguments at the March 5, 2015 hearing. Further delay is unnecessary.

    **B.**    **Section II Of Perceptive's Opening Brief Should Be Stricken In Its Entirety**

In the middle of claim construction briefing, Perceptive for the first time seeks to delay the impending claim construction hearing, reduce the number of asserted claims, and construe at least two new never-before-disclosed claim terms, "Recording Media" and "Serial Number Associated With Recording Media". (Perceptive's Opening Br., at 2-7). Perceptive's tactics are improper and its approach to claim construction violates the letter and spirit of the Court's Scheduling Order, Local Rules, and the Federal Rules of Civil Procedure. (Doc. #18, at 1, 5-9; Local Rule 16.3; Local Rule 7.1(b); Fed. R. Civ. P. 16; *see also* Local Form 4; Advisory Committee Prefatory Notes, at 2-4).

7

1. <u>Perceptive's Request to Delay Claim Construction is Not Properly Before the Court.</u>

Perceptive's request to delay claim construction should be stricken from its Opening Brief. Such a request must be—but has not been—brought in a formal motion with a showing of good cause. (Doc. #18, at 1, 5-9; Local Rule 16.3(a), (b); Local Rule 7.1(b)). The Scheduling Order explicitly states that it "may be modified only upon formal Motion and a showing of good cause as required by Local Rule 16.3" (Doc. #18, at 1; *see also* Local Rule 16.3(a), (b); Local Rule 7.1(b); Fed. R. Civ. P. 16(b)(4)). A vague request in Perceptive's Opening Brief to delay claim construction is not a formal motion; and no good cause was shown. Perceptive should not be permitted to skirt rules that it clearly knows apply.[3] (*See* Doc. #70).

Moreover, there is no reason to delay claim construction. Expert discovery and dispositive motions are quickly approaching. Aside from reply briefs and the hearing itself, discovery relating to claim construction is complete. The Joint Claim Construction Statement identifies the disputed and undisputed claim terms; and the focus of the impending *Markman* hearing is clear. Since Perceptive brought its expedited motion to extend the briefing schedule, nothing has been

---

[3] Perceptive's purported grounds for its requests in Section II should be viewed critically and with skepticism. Perceptive's Opening Claim Construction Brief did not address a single one of the "issues bearing on claim construction" that Sorna had addressed in its Inter Partes review response which was the purported need for Perceptive to delay claim construction briefing. (Doc. #70, ¶ 7).

disclosed or changed by Sorna that would warrant delaying claim construction. The parties have already submitted Opening Briefs.

It is also logical and more efficient for the Court to proceed with claim construction as scheduled. The Court's claim construction ruling is necessary before Sorna can reduce the number of asserted claims, before Perceptive can reduce the number of asserted prior art references, and before the parties can proceed with expert discovery. Without the Court's ruling, it is highly likely that the parties would need to revise expert reports and retake expert depositions and that the Scheduling Order would need to be amended. Postponing claim construction would only further delay the timely and efficient resolution of this case, waste more judicial resources, and subject Sorna to greater, albeit wholly unnecessary, expense.

Perceptive, in the joint patent case statues report in November, requested that the Court delay claim construction until dispositive motions and that request was denied. (Doc. #62, ¶ 5). The Court need not entertain this request a second time.

    2. <u>The New Arguments and Claim Terms Proposed for Construction are Not Properly Before the Court.</u>

The Court's Scheduling Order sets forth an orderly and efficient process for claim construction. (Doc. #18, 4-9; *see also* Local Form 4; Advisory Committee Prefatory Notes, at 2-4). The parties are required to exchange a list of disputed claim terms, meet and confer to narrow and resolve differences, identify intrinsic

and extrinsic evidence, and file a Joint Claim Construction Statement. (Doc. #18, at 5-9). These procedures are designed to crystallize the issues for claim construction and "to prevent the 'shifting sands' approach to claim construction." *BreathableBaby, LLC v. Crown Crafts, Inc.*, Civil No. 12-cv-94, 2014 WL 3928526, at *3 (D. Minn. Aug. 12, 2014) (citing *Genentech, Inc. v. Amgen, Inc.*, 289 F.3 761, 774 (Fed. Cir. 2002)).

For the first time, in its Opening Brief, Perceptive presents new arguments for two new never-before-disclosed claim terms. Perceptive's "shifting sands" approach to claim construction in this case is improper. *See Cardiac Science, Inc. v. Koninklijke Philips Electronics N.V.*, Civ. No. 03-1064, 2006 WL 1050629, at *58 (D. Minn. Apr. 20, 2006) (granting a motion to strike a brief and certain arguments because the "new arguments merely serve to create yet another moving target of proposed claim constructions"); *see also Trimble Navigation Ltd. V. RHS, Inc.*, Civ. No. 03-1604, 2007 WL 1557469, at *14 n.3 (N.D. Cal. May 29, 2007) (rejecting new arguments and proposed constructions raised in a reply, without filing a jointly revised claim construction statement, as improper and restricting proposed constructions to those in the Joint Claim Construction Statement).

These new arguments and claim terms were never disclosed to Sorna. At the very least, the Scheduling Order requires a motion to amend the Joint Claim Construction Statement.

### 3. Perceptive Usurped Meet-and-Confer Requirements.

Section II should also be stricken because Perceptive has effectively usurped the meet-and-confer requirements of the Local Rules. Local Rule 7.1(a); *see GameTek LLC v. Facebook, Inc.*, Civil No. 12-CV-501, 20F13 WL 1412195, at *2 (S.D. Cal. Apr. 8, 2013) (denying a motion for failing to comply with meet-and-confer requirements of Fed. R. Civ. P. 37). Perceptive never met-and-conferred with Sorna regarding its requests to delay claim construction and construe two new never-before-disclosed claim terms. The parties thus never had an opportunity to resolve these issues without court intervention.

### 4. Perceptive's Request for Relief is Not Sufficiently Specific.

Finally, Section II should be stricken because Perceptive has not requested any specific relief from the Court and thus there is nothing for the Court to decide. Perceptive states it "believes claim construction should be postponed until the number of asserted claims are reasonably reduced and the issues are further refined (e.g., in connection with dispositive motions)." (Perceptive's Opening Br., at 2). But the Court and Sorna must guess as to what Perceptive means by "reasonably reduced" and when the issues would be "further refined." Dispositive motions are only cited as an example. The lack of specificity makes it impossible for the Court to determine what specific relief is being requested and for Sorna to formulate an appropriate response.

### III. CONCLUSION

Further delay is unnecessary. The upcoming claim construction hearing should proceed as scheduled based on the disputed claim terms in the parties' Joint Claim Construction Statement. Those are the only claim terms in need of construction, with one important exception. Should the Court grant Sorna's Motion to Strike, the Court would only need to construe 12 claim terms and would also be relieved of all ancillary issues raised in Section II of Perceptive's Opening Brief. For all of the reasons enumerated above, Sorna respectfully requests that its Motion to Strike be GRANTED.

Dated: February 23, 2015          By: /s/ Frank S. Farrell

                                            **F.S. FARRELL, LLC**
                                            Frank S. Farrell (MN #28447)
                                            Alexander J. Farrell (MN #390202)
                                            7401 Metro Blvd, suite 425
                                            Edina, MN  55439
                                            Telephone: (952) 921-3260
                                            frank@fsfarrell.com
                                            alexander@fsfarrell.com

                                            **ATTORNEYS FOR PLAINTIFF SORNA**