UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sorna Corporation,

            Plaintiff,

v.                                                                    **MEMORANDUM OPINION AND ORDER**
                                                                      Civil No. 13-2794 ADM/BRT

Perceptive Software, LLC,

            Defendant.

___

Alexander Farrell, Esq., F. S. Farrell, LLC, Edina, MN, on behalf of Plaintiff.

Willmore F. Holbrow, III, Esq., Blakely Sokoloff Taylor & Zafman LLC, Los Angeles, CA, and Dennis C. Bremer, Esq., Carlson Caspers Vandenburgh Lindquist & Schuman PA, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

On March 5, 2015, the undersigned United States District Judge heard oral argument on Plaintiff Sorna Corporation's ("Sorna") Motion to Strike [Docket No. 80].[1] Sorna seeks to strike sections of Defendant Perceptive Software, LLC's ("Perceptive") Opening Claim Construction Brief [Docket No. 78] ("Perceptive's Opening Brief") pertaining to indefiniteness under 35 U.S.C. § 112, ¶ 2.[2] Perceptive opposes the motion. For the reasons set forth below, Sorna's

---

[1] Perceptive's Motion to Reduce Number of Claims and for Leave to Amend [Docket No. 85], and construction of the 17 claim terms identified in the Joint Patent Case Status Report were also scheduled to be heard on March 5, 2015 in addition to Sorna's Motion to Strike. As discussed at the hearing, the Court will rule only on Sorna's Motion to Strike prior to the parties' conference with Magistrate Judge Thorson on April 13, 2015. Order for Settlement Conference [Docket No. 101]. Accordingly, Perceptive's Motion was terminated. Perceptive may reassert its Motion after the conference, if needed. Any requested Markman hearing must also be scheduled subsequent to Judge Thorson's conference.

[2] Sorna's Motion also seeks to strike sections of Perceptive's Opening Brief pertaining to the construction of claim terms that were not included in the Joint Patent Case Status Report [Docket No. 62]. As indicated at the hearing, only Sorna's Motion directed to Perceptive's

Motion is denied in part.

## II. BACKGROUND

Sorna is a Minnesota corporation that manufactures, sells, and licenses medical technology and devices, including medical data recording devices that implant medical data onto portable media.  Second Am. Compl. [Docket No. 26].  Sorna owns four patents that are at issue here:  United States Patent No. 7,965,408; United States Patent No. 8,045,214; United States Patent No. 8,059,304; and United States Patent No. 8,687,226 (collectively, the "Patents-in-Suit").  Id. ¶¶ 8-11.  In general terms, the Patents-in-Suit cover inventions that receive and record medical image and patient identification information from one or more modalities (x-rays, CT scans, MRIs, etc.) in a standard medical data format called DICOM.

Perceptive manufactures and sells medical data recording devices, including the MediaWriter product.[3]  Id. ¶ 13.  The MediaWriter "[b]urns DICOM studies and reports to create a complete and portable medical record - includes an embedded viewer."  Id. ¶ 14.  Sorna alleges that Perceptive's products literally infringe the Patents-in-Suit.  Id. ¶ 15.

On November 21, 2014, the parties submitted their Joint Patent Case Status Report.  The

---

indefiniteness defense will be considered prior to the conference with Judge Thorson.  As with the other Motions not considered herein, Sorna may reassert this Motion at a later time if not resolved at the conference with Judge Thorson, which the Court anticipates will bring into focus the matters truly at issue in this case.

[3] The original Defendant to this action was Pacsgear, Inc. ("Pacsgear"), a California corporation that manufactured and sold the MediaWriter product.  Second Am. Compl. ¶¶ 2, 13.  Sometime after this litigation commenced, Perceptive acquired the assets and liabilities of Pacsgear.  See Order [Docket No. 64].  Perceptive's acquisition included assuming the liabilities in connection with this action.  On December 2, 2014, Perceptive replaced Pacsgear as the Defendant.  For purposes of simplicity here, actions taken by Pacsgear will be referred to as if they were made by Perceptive.

Joint Patent Case Status Report identified contested construction of 17 different claim terms, phrases, and clauses.  A <u>Markman</u> hearing was noticed for March 5, 2015 [Docket No. 66].  On February 12, 2015, the parties submitted their opening <u>Markman</u> briefs.  On February 23, 2015, Sorna filed its Motion to Strike.  Sorna argues that Perceptive's Opening Brief impermissibly argues that five of the 17 disputed claim terms are indefinite under § 112, ¶ 2.  Sorna asserts that Perceptive both failed to plead indefiniteness as an affirmative defense and also failed to assert indefiniteness in accordance with the Scheduling Order [Docket No. 18].  Therefore, Sorna argues that Perceptive's indefiniteness arguments should therefore be stricken.

### III.  DISCUSSION

**A.  Motion to Strike**

Pursuant to Fed. R. Civ. P. 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  According to rule 7(a), "pleadings" are identified as the complaint, answer, and reply, but not motions or other papers.  Fed. R. Civ. P. 7(a).  However, district courts are vested with the inherent power to strike a party's submissions other than pleadings.  <u>Computer Stores Nw., Inc. v. Dunwell Tech, Inc.</u>, No. 10-284, 2011 WL 2160931, at *4 (D. Or. May 31, 2011) (citing <u>Metzger v. Hussman</u>, 682 F.Supp. 1109, 1110 (D. Nev. 1988)).  A court possesses "inherent power over the administration of its business[,]" which also provides a legal ground for striking a party's non-pleading.  <u>Computer Stores Nw., Inc.</u>, 2011 WL 2160931, at *4 (quoting <u>Spurlock v. F.B.I.</u>, 69 F.3d 1010, 1016 (9th Cir. 1995)).

**B.  Perceptive Sufficiently Pled Indefiniteness**

Sorna argues that Perceptive failed to plead indefiniteness in its Answer and Counterclaim [Docket No. 27] and thus waived its right to assert indefiniteness defenses for the

3

remainder of this litigation.  Sorna further argues that Perceptive should not be permitted to amend its pleadings because the date to amend pleadings has passed.  Finally, Sorna argues that permitting Perceptive to raise indefiniteness defenses at this juncture would be unfairly prejudicial.  Perceptive responds that paragraph 91 of its Answer and Counterclaim asserts its indefiniteness defense.  If paragraph 91 is deemed insufficient, Perceptive argues that its indefiniteness contentions were nonetheless timely identified and Sorna will not be prejudiced by granting leave to amend to conclusively assert this defense.  Perceptive argues that granting leave to amend is proper because Sorna twice stipulated that Perceptive's Amended Prior Art Statement, which asserted indefiniteness defenses, would govern the case.

Pursuant to Rule 8(c)(1), "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).  Section 282 of Title 35 states that invalidity defenses under § 112 "shall be pleaded." 35 U.S.C. § 282(b).  Section 112 provides at least two separate and distinct defenses to allegations of infringement.  The first defense is the written description requirement, which is set forth in the first paragraph of § 112. Cordis Corp. v. Boston Scientific Corp., 561 F.3d 1319, 1331-32 (Fed. Cir. 2009).  To comply, an applicant must "convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention." New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co., 298 F.3d 1290, 1295 (Fed. Cir 2002) (quoting Vas-Cath Inc. v. Mahurkar, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991).

Under the second paragraph of § 112, a patent must, in its claims, "particularly point[ ] out and distinctly claim[ ] subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2.  Thus, a patent claim must be sufficiently definite so that "one skilled in the

art would understand the bounds of the claim when read in light of the specification. . . ." <u>Exxon Research & Eng'g Co. v. U.S.</u>, 265 F.3d 1371, 1375 (Fed. Cir. 2011).  If a claim fails to satisfy this requirement, it fails for lack of definiteness.  <u>Regents of Univ. of Minn. v. AGA Med. Corp.</u>, 835 F.2d 711, 730 (D. Minn. 2011).

Indefiniteness is an affirmative defense to allegations of infringement.  35 U.S.C. § 282(b).  As an affirmative defense, Perceptive is required to raise indefiniteness in its pleadings.  Paragraph 91 of Perceptive's Answer and Counterclaim states:

> As a sixth separate and distinct affirmative defense, [Perceptive] alleges that the patents in suit are invalid, unenforceable, and void, because the patents fail to contain an adequate written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by 35 U.S.C. § 112 to enable any person skilled in the art to practice the alleged inventions.

Answer and Countercl. ¶ 91.  Sorna's assertion that Paragraph 91 does not assert an indefiniteness defense is unavailing.  First, the plain language of Paragraph 91 states Perceptive's contention that the patents are invalid because they fail to fully, clearly, and with exact terms, describe the scope of the invention.  Although Sorna is correct that Paragraph 91 does not explicitly identify that the <u>claims</u> fail to inform those skilled in the art about the scope of the invention, the claims are to be read in light of the patent's specification and prosecution history.  <u>Nautilus, Inc. v. Biosig Instruments, Inc.</u>, 134 S.Ct. 2120, 2128 (2014).  It necessary follows that if the specification and prosecution history suffer from a lack of definiteness, the claims will also suffer from defects of definiteness since the claims rely on the specification and prosecution history to inform their scope.

Additionally, while paragraph 91 does not explicitly reference paragraph 2 of § 112,

Perceptive is not required to do so; Rule 8(c)(1) merely instructs Perceptive to "affirmatively state" any avoidance or defense.  Fed. R. Civ. P. 8(c)(1).  Indeed, the standard for pleading affirmative defenses "is markedly less demanding than that of Rule 8(a), where a pleading must *show* an entitlement to relief."  Willis v. Quad Lakes Enters., L.L.C., No. 4:11-00096, 2011 WL 3957339, at *1-2 (W.D. Mo. Sept. 7, 2011) (quoting Falley v. Friends Univ., No. 10-1423, 2011 WL 1429956, at *2 (D. Kan. April 14, 2011) (emphasis in original)).  Moreover, the purpose of requiring affirmative defenses to be pled in responsive pleadings is to avoid unfair surprise.  See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971) (articulating that the purpose of pleading affirmative defenses in responsive pleadings is to give the opposing party notice and a chance to argue why the defense is inappropriate).

Sorna has known of Perceptive's intention to assert indefiniteness defenses for months.  On October 17, 2014, Sorna received Perceptive's Preliminary Claim Construction and Identification of Extrinsic Evidence, which asserted that "some claim terms are indefinite."  Holbrow, III. Decl. [Docket No. 98] 1; Ex. 1.  Sorna stipulated on November 19 [Docket No. 61] and December 22, 2014 [Docket No. 67] to allow Perceptive to amend its Prior Art Statement.  Perceptive's amendments clearly identify newly inserted language asserting that some claim terms are indefinite.  See id. Exs. 2, 3.  Sorna even stipulated that the amended Prior Art Statements that include Perceptive's indefiniteness assertions will govern the case.  See Nov. 19, 2014 Stipulation ¶ 1; Dec. 22, 2014 Stipulation ¶ 2.  Further, in the November 21, 2014 Joint Patent Case Status Report, claim terms that Perceptive argues are indefinite are juxtaposed with Sorna's proposed constructions and Sorna's position that the claim terms are not indefinite.  Finally, in addition to challenging the propriety of Perceptive's indefiniteness defenses, Sorna's

Opening Claim Construction Brief [Docket No. 76] ("Sorna's Opening Brief") responds in substance to each of the claim terms Perceptive asserts is indefinite; Sorna articulates the basis for its proposed construction and why the terms do not fail for lack of definiteness.

In sum, the essence of Paragraph 91 is that the patents are not sufficiently specific, or definite, to a person skilled in the art. Further, contrary to Sorna's claim of surprise, Perceptive has not been obfuscating its intention to assert indefiniteness defenses in a nefarious or otherwise prejudicial manner. Thus, Perceptive has properly and timely asserted that the Patents-in-Suit are indefinite pursuant to 35 U.S.C. § 112, ¶ 2.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Sorna Corporation's Motion to Strike [Docket No. 80] is **DENIED in part.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 27, 2015.